OPINION
{¶ 1} Plaintiff-appellant, Columbia Gas of Ohio, Inc. ("Columbia Gas"), appeals from a judgment of the Franklin County Municipal Court that found in favor of defendant-appellee, Victor G. Ghanem. For the following reasons, we affirm.
 {¶ 2} On April 17, 2001, Columbia Gas filed a complaint in the Franklin County Municipal Court, claiming that Ghanem owed $4,505.04 plus interest and costs to Columbia Gas.
 {¶ 3} Ghanem answered the complaint and asserted a counterclaim. With court approval, Ghanem later amended his answer and counterclaim. In his amended counterclaim, Ghanem alleged, among other things, that an entity, Eastern Bakery, Inc.,[1] may have been responsible for the debt or, alternatively, that the account was owed, if at all, to another natural gas supplier.
 {¶ 4} Based upon information obtained during discovery that purportedly supported a defense of mistake, on November 28, 2001, Ghanem filed a motion to amend his answer and counterclaim for a second time, which was unopposed. At trial, the court appeared to grant Ghanem's motion. (See Tr. 10 [wherein the trial court stated that "I don't know if counsel tendered an entry which the Court would have granted leave to amend on. If not, I'm not going to worry about it. I would state, verbally on the record, that we'll try this case as though mistake is an issue, because I think that is fair."]).
 {¶ 5} On January 22, 2002, the matter was heard before the trial court during a bench trial. On May 9, 2002, the trial court rendered judgment in favor of Ghanem. Five days later, pursuant to Civ.R. 52, Columbia Gas moved the trial court for findings of fact and conclusions of law. On August 16, 2002, after receiving proposed findings of facts and conclusions of law from the parties, the trial court rendered findings of fact and conclusions of law, wherein it found in favor of Ghanem.
 {¶ 6} Thereafter, Columbia Gas appealed from the trial court's judgment of August 16, 2002. On April 24, 2003, because the trial court had not disposed of Ghanem's counterclaim, and the trial court's entries of May 9 and August 16, 2002, lacked Civ.R. 54(B) language, this court dismissed the appeal for lack of a final appealable order and remanded the matter to the trial court. See Columbia Gas of Ohio, Inc. v. Ghanem (Apr. 24, 2003), Franklin App. No. 02AP-1015 (Memorandum Decision) ("Ghanem I").
 {¶ 7} Following remand, Columbia Gas moved the trial court to dismiss Ghanem's counterclaim on the grounds that Ghanem failed to prosecute the counterclaim. On July 16, 2003, the trial court dismissed Ghanem's counterclaim for lack of merit and failure of proof.
 {¶ 8} From the trial court's judgment of July 16, 2003, and the underlying entries, Columbia Gas timely appeals. Columbia Gas raises the following four assignments of error:
Assignment of Error No. 1
Findings of Fact Nos. 1, 2, 6, 7 and 8 and Conclusions of Law Nos. 1 and 2 are Against the Manifest Weight of Evidence and Clearly Erroneous.
Assignment of Error No. 2
Findings of Fact Nos. 4, 5, 9, and 10 are Against the Manifest Weight of the Evidence and show a misunderstanding or misapplication of the Evidence.
Assignment of Error No. 3
Conclusions of Law Nos. 1 and 2 and the decision of the Trial Court are in Error as a matter of Law.
Assignment of Error No. 4
Findings of Fact No. 6 and the Trial Court's decision demonstrate an Abuse of Discretion.
 {¶ 9} Preliminarily, Ghanem asserts that the instant appeal is untimely and, therefore, it should be dismissed. According to Ghanem, Columbia Gas more properly should have appealed from the entry of May 9, 2002, not the judgment of July 16, 2003. We disagree.
 {¶ 10} This court has already determined that the trial court's entry of May 9, 2002, was not a final appealable order because it failed to dispose of Ghanem's counterclaim and lacked Civ.R. 54(B) language. See Ghanem I, at 3 (stating that "we conclude that the judgment entries [of May 9[2] and August 16, 2002] at issue here, which did not adjudicate appellee's counterclaim and did not contain Civ.R. 54[B] language, are not final, appealable orders"). See, also, Noble v. Colwell (1989),44 Ohio St.3d 92, syllabus.
 {¶ 11} Therefore, having previously concluded that the trial court's entry of May 9, 2002, was not a final appealable order, Ghanem's contention that Columbia Gas should have appealed from this entry is unavailing. See General Acc. Ins. Co. v. Ins. Co.of N. America (1989), 44 Ohio St.3d 17, 20 (stating that "[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction").
 {¶ 12} In the instant case, through its entry of July 16, 2003, that dismissed Ghanem's counterclaim, the trial court disposed of the last remaining claim. Through this entry and its earlier entries, the trial court disposed of all claims by and against all parties. Thus, the trial court's judgment of July 16, 2003, and the underlying entries collectively constitute a final appealable order. See, generally, R.C. 2505.02(B)[3]
(providing that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [1] An order that affects a substantial right in an action that in effect determines the action and prevents a judgment"). On August 7, 2003, Columbia Gas timely appealed from the trial court's judgment of July 16, 2003, and the underlying entries. See, generally, App.R. 4(A) (prescribing the time within which to file a civil appeal).
 {¶ 13} Therefore, based upon the foregoing, we conclude the matter is ripe for appellate review. We therefore proceed to address the merits of the instant appeal.
 {¶ 14} Because the first, second, and third assignments of error are interrelated, we address them jointly. In these assignments of error, Columbia Gas contends the trial court's findings of fact Nos. 1, 2, 4, 5, 6, 7, 8, 9, and 10 are against the manifest weight of the evidence and the trial court's conclusions of law Nos. 1 and 2 are in error.
 {¶ 15} In its entry of August 16, 2002, the trial court found as follows:
FINDINGS OF FACT
1. Plaintiff had oral communication with defendant Victor Ghanem in order to initiate gas service to Eastern Bakery, Inc. a business in which Mr. Ghanem was an officer. These communications occurred in July 1995. Mr. Ghanem did supply some personal information.
2. Plaintiff's records are all computerized records. No hard copies exist (T-20, L-22).
* * *
4. The computer screens setting up accounts are the same for corporate and individual accounts (T-44, L-20-22).
5. The customer does not receive a print out of the connect order (T-49).
6. Plaintiff's Exhibits 1, 2, and 3 all relate to the opening of a Columbia Gas account and in particular the account addressed in this suit. The documents do not differentiate between corporate or individual accounts. There are no series of questions on Plaintiff's Exhibits which permit a new customer to accept or decline personal responsibility for a corporate account.
7. Mr. Ghanem testified uncontrovertedly that he sought to institute all services including gas under a corporate account. (T 115-117)
8. No hard copies of Columbia Gas bills were produced but the bills most probably went out in Mr. Ghanem's name (T-34, L-22-25).
9. Eastern Bakery, Inc. checks were used to pay on the account (T-35, L-5-8).
10. For a period of time Eastern Bakery, Inc. did participate in a supplier "Choice" program. Invoices were generated in the corporation's name (T-94, L-19-23).
* * *
CONCLUSIONS OF LAW
1. Plaintiff failed to establish by a preponderance of the evidence that Victor Ghanem contracted personally with Columbia Gas for service to a corporate entity, Eastern Bakery, Inc.
2. As insufficient evidence of personal liability exists in the record, this matter is properly dismissed with plaintiff paying costs.
 {¶ 16} "Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus. When reversing a judgment as being against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80.
 {¶ 17} Thus, the issue here resolves to whether there is some competent, credible evidence going to all essential elements of the case to support the trial court's judgment.
 {¶ 18} According to Columbia Gas, in July 1995 in a telephone transaction, Victor Ghanem opened a Columbia Gas account and requested service at 4314 North High Street in Columbus, Ohio, which was the former site of Eastern Bakery, Inc. According to printouts from Columbia Gas's computerized records that were offered into evidence and witness testimony on behalf of Columbia Gas, Ghanem purportedly opened an individual account, not a corporate account. At the time that Ghanem opened an account, he was assigned a personal customer identification number ("PCID"), which Columbia Gas used for billing and transaction purposes.
 {¶ 19} On December 30, 1998, under the CHOICE program, Ghanem switched natural gas suppliers from Columbia Gas to another supplier. The CHOICE program permits small commercial and residential end-use customers to obtain natural gas from an alternative supplier, rather than from Columbia Gas. However, under the CHOICE program, although an alternative supplier may supply natural gas, Columbia Gas is entitled to payment for commodity transportation and other charges.
 {¶ 20} In this case, the alternative supplier directly billed Eastern Bakery, Inc. for both the commodity and transportation charges and, in turn, the alternative supplier permitted Columbia Gas to directly withdraw payment for the transportation charges from the alternative supplier's checking account. According to Columbia Gas, memo bills should have been forwarded to Ghanem that informed Ghanem of the transaction between the alternative supplier and Columbia Gas.
 {¶ 21} According to Columbia Gas, in September 2000, the alternative supplier, through an electronic transaction with Columbia Gas based upon Ghanem's PCID number, terminated its business relationship with Eastern Bakery, Inc. due to the bakery's failure to pay its overdue debts. Thereafter, Columbia Gas supplied natural gas to the bakery as required by the CHOICE program beginning in September 2000 until January 2001. According to Columbia Gas, Ghanem has an outstanding debt in the amount of $4,505.04, for which he is allegedly personally liable.
 {¶ 22} For his part, Ghanem asserts that when he opened the Columbia Gas account in 1995, he informed the Columbia Gas representative that he wanted to open a corporate account, and Columbia Gas misidentified the account as an individual account, rather than a corporate account. (See, e.g., Tr. 116.) Therefore, Ghanem reasons he should not be personally liable for debts incurred by Eastern Bakery, Inc.
 {¶ 23} Columbia Gas, however, asserts that, according to its records, Ghanem never notified Columbia Gas of this alleged error, even though such an error presumably would be reflected on invoices that were sent to Ghanem by Columbia Gas.
 {¶ 24} At trial, Columbia Gas introduced into evidence printouts from its computerized records in support of its claims, the testimony of witnesses who interpreted these printouts, testimony concerning Columbia Gas's protocol when processing a request for service order, and testimony about the CHOICE program. However, Columbia Gas did not present any evidence concerning what actually occurred when Ghanem contacted Columbia Gas in 1995 for service. (See, e.g., Tr. 43-44 [cross-examination of Jenny Davis, a revenue recovery specialist who is employed by Columbia Gas, testifying that she did not assist with Ghanem's request for service order in 1995 and admitting that she did not know who took Ghanem's request for service order in 1995]). Neither did Columbia Gas present any rebuttal testimony to Victor Ghanem's testimony that he requested a corporate account designation when he contacted Columbia Gas in 1995 to arrange service. (See Tr. 116 [Ghanem, on direct examination, testifying that in 1995 when he requested service from Columbia Gas, he stated "`This is Victor Ghanem from Eastern Bakery, Inc. I would like you to supply me with gas'"]; Tr. 151 [no rebuttal evidence introduced by plaintiff following defendant's case-in-chief]).
 {¶ 25} Furthermore, on cross-examination, Jenny Davis conceded that, according to plaintiff's exhibit that was introduced into evidence, there was nothing that instructed a customer service representative to inquire whether a customer's requested service would be for a residential or commercial account. (See Tr. 42-43.) Also, the evidence supports a finding that "[t]he computer screens setting up accounts are the same for corporate and individual accounts." (Finding of Fact No. 4; see Tr. 44.)
 {¶ 26} We conclude that this evidence, if believed by the trial court as the trier-of-fact, constitutes some credible evidence to support the trial court's findings of fact Nos. 1, 2, 4, 5, 6, 7, 8, 9, and 10. Therefore, we find Columbia Gas's contention that the trial court's findings of fact Nos. 1, 2, 4, 5, 6, 7, 8, 9, and 10 are against the manifest weight of the evidence is unpersuasive.
 {¶ 27} Furthermore, based upon the foregoing, we also conclude that the trial court's conclusions of law Nos. 1 and 2, which concluded that Columbia Gas failed to establish by a preponderance of the evidence that Ghanem contracted for an individual account and that there was insufficient evidence that Ghanem was personally liable, are not erroneous.
 {¶ 28} Accordingly, Columbia Gas's first, second, and third assignments of error are overruled.
 {¶ 29} In its fourth assignment of error, Columbia Gas asserts that the trial court's decisions and its sixth finding of fact demonstrate an abuse of discretion because they purportedly evidence a bias against Columbia Gas's electronic record-keeping system.
 {¶ 30} In its sixth finding of fact, the trial court found:
Plaintiff's Exhibits 1, 2, and 3 all relate to the opening of a Columbia Gas account and in particular the account addressed in this suit. The documents do not differentiate between corporate or individual accounts. There are no series of questions on Plaintiff's Exhibits which permit a new customer to accept or decline personal responsibility for a corporate account.
(Findings of Fact and Conclusions of Law, filed Aug. 16, 2002.)
 {¶ 31} In Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87, the Supreme Court of Ohio observed:
* * * We have repeatedly held that "[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *
"`[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *'"
 {¶ 32} Based upon our review of the evidence, we find the evidence supports a finding that, according to documents that were offered by Columbia Gas, there are no series of questions that permit a new customer to accept or decline personal responsibility for a corporate account.
 {¶ 33} Furthermore, based upon our review, we cannot conclude the trial court showed a bias against Columbia Gas's electronic record-keeping system. Neither do we find that the trial court required Columbia Gas to prove its burden by a greater measure of persuasion. Two exhibits from Columbia Gas's electronic record show an account in the name of Ghanem and consist of data that was inputted into the computer record based upon a telephone conversation with Ghanem. However, Columbia Gas's evidence may or may not precisely reflect what information Ghanem actually provided at the time that he arranged service in 1995. Here, as the trier-of-fact, a determination of the weight to be given to Columbia Gas's evidence is within the province of the trial court, State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus, and on appellate review, this court is guided by a presumption that the findings of the trier-of-fact are correct.Seasons Coal, at 80.
 {¶ 34} Furthermore, Columbia Gas failed to rebut Ghamen's testimony that he requested a corporate account, not an individual account, following Ghanem's case-in-chief. Additionally, a witness on behalf of Columbia Gas conceded there was nothing in plaintiff's exhibit that instructed a customer service representative to inquire whether the requested service would be for a residential or commercial account. (Tr. 42-43.)
 {¶ 35} Consequently, under these facts and circumstances, we cannot conclude the trial court's decision reflects a bias or an exercise of discretion that is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman, at 87.
 {¶ 36} Therefore, Columbia Gas's fourth assignment of error is overruled.
 {¶ 37} For the foregoing reasons, all four of Columbia Gas's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.
[1] See "Filing of Supplemental Corporate Evidence As Ordered By The Court on January 22, 2002," filed January 31, 2002 (containing an unauthenticated copy of articles of incorporation for Eastern Bakery, Inc. and an unauthenticated copy of appointment of Victor G. Ghanem as the corporation's statutory agent). (See, also, Tr. 113-115 [Ghanem testifying on direct examination that he was a shareholder, general manager, and president of Eastern Bakery, Inc.]). In this appeal, Columbia Gas has not challenged the trial court's eleventh finding of fact that "Eastern Bakery, Inc. was a corporation in good standing during the entire pertinent period." (Findings of Fact and Conclusions of Law, filed Aug. 16, 2002.)
[2] Our prior decision in Ghanem I incorrectly referred to this entry as being filed on May 2, 2002.
[3] Effective September 2004, changes to R.C. 2505.02 will be in effect. See Am.Sub.H.B. No. 342; Sub.S.B. No. 187.